NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0296n.06

No. 19-5516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| EMW WOMEN'S SURGICAL CENTER, P.S.C., on behalf of itself, its staff, and its patients; ASHLEE BERGIN, M.D., M.P.H., on behalf of herself and her patients; TANYA FRANKLIN, M.D., M.S.P.H., on behalf of herself and her patients,<br><br>     Plaintiffs - Appellees,<br><br>v.<br><br>ERIC FRIEDLANDER, in his official capacity as Acting Secretary of Kentucky's Cabinet for Health and Family Services,<br><br>     Defendant - Appellant,<br><br>THOMAS B. WINE, et al.,<br><br>     Defendants,<br><br>DANIEL J. CAMERON, Kentucky Attorney General,<br><br>     Proposed Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED**<br>Jul 21, 2022<br>DEBORAH S. HUNT, Clerk<br><br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |

O R D E R

Before: CLAY, STRANCH, and BUSH, Circuit Judges.

The court issued an order. BUSH, J. (pp. 3–5), delivered a separate opinion concurring in part and dissenting in part.

Proposed intervenor Daniel Cameron, the Attorney General of Kentucky, moved for leave to file an amended petition for panel rehearing and rehearing en banc. On June 27, 2022, the Attorney General tendered an additional citation addressing the Supreme Court's recent ruling in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022). We now **GRANT** the Attorney General's motion to intervene, **GRANT** the Attorney General's motion for leave to file an amended petition for panel rehearing and rehearing en banc, **GRANT** the Attorney General's petition for panel rehearing, **VACATE** this panel's June 2, 2020, opinion and order, *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 960 F.3d 785 (2020), and **REMAND** the case to the district court to reconsider the permanent injunction in light of *Dobbs v. Jackson Women's Health Organization*.

JOHN K. BUSH, Circuit Judge, concurring in part and dissenting in part. I concur in the grant of Attorney General of Kentucky Daniel Cameron's (1) motion to intervene, as required by *Cameron v. EMW Women's Surgical Center, P.S.C.*, 142 S. Ct. 1002 (2022); (2) motion for leave to file an amended petition for panel rehearing and rehearing en banc; and (3) petition for panel rehearing, which vacates this panel's opinion and order of June 2, 2020, *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 960 F.3d 785 (2020). I disagree, however, with the panel majority's remand order. That order keeps in place on remand a dubious permanent injunction blocking enforcement of Kentucky's House Bill 454, while depriving the parties of the immediate opportunity to brief before our court whether that injunction should be vacated in light of *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022).[1]

In *Dobbs*, the Supreme Court overruled *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and held that a law regulating abortion is subject to rational-basis review of the law's constitutionality under the Fourteenth Amendment. *Dobbs*, 142 S. Ct. at 2283. That ruling seriously calls into question the merits of the claims of appellees, EMW Women's Surgical Center and two obstetrician-gynecologists, and the validity of the permanent injunction. *Compare EMW Women's Surgical Ctr.*, 960 F.3d at 793 ("A party is entitled to a permanent injunction if it can establish that it suffered a *constitutional violation* and will suffer *continuing* irreparable injury for which there is

---

[1] Although the Attorney General filed his motion for leave to file an amended petition for panel rehearing and rehearing en banc on April 4, 2022, appellees have filed nothing in response. That inaction is understandable because, until the present order, we have not allowed the Attorney General to be a party to this matter or allowed him to file his petition. So EMW has not had a party or petition to respond to. Furthermore, *Dobbs* was not published until June 24, 2022, or brought to this panel's attention for this matter through use of a Federal Rule of Appellate Procedure 28(j) letter, until June 28, 2022.

no adequate remedy at law." (cleaned up) (emphasis added)), *with Dobbs*, 142 S. Ct. at 2279 ("We therefore hold that the Constitution does not confer a right to abortion.").

Aside from clarifying that there is no constitutional right to abortion, *Dobbs* undermines appellees' case in other important respects. For instance, appellees brought their claims under 42 U.S.C. § 1983. But § 1983 creates a federal cause of action for state officers' "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Post-*Dobbs*, it is thus unclear that appellees even have a cause of action under § 1983, as it is unclear what constitutional right they have been deprived of.[2] Furthermore, appellees litigated this case in partial reliance on a third-party-standing theory: that they could vicariously assert the due-process rights of the patients seeking abortions. *See, e.g.*, *EMW Women's Surgical Ctr.*, 960 F.3d at 812 (Bush, J., dissenting). The panel majority originally found such reliance unproblematic for two reasons. First, it cited precedents permitting third-party standing in the abortion context. *See, e.g.*, *id.* at 794 n.2 (citing *Singleton v. Wulff*, 428 U.S. 107, 117 (1976) (plurality)). But *Dobbs* has since explicitly cast such precedents into grave doubt. *Dobbs*, 142 S. Ct. at 2275 ("The Court's abortion cases have diluted the strict standard for facial constitutional challenges. They have ignored the Court's third-party standing doctrine.").[3] And second, the panel majority reasoned

---

[2] There are also now serious sovereign-immunity issues as well. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) ("If the act which the state attorney general seeks to enforce be a violation of the Federal Constitution, the officer, in proceeding under such enactment, comes into conflict with the superior authority of that Constitution[, so that] . . . [t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States."); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (explaining that the *Ex parte Young* doctrine rests on the fiction "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.").

[3] There is also a potentially troubling conflict of interest between appellees and patients, distinct from other third-party-abortion cases, because "[c]ontrary to [some] patient[s']

that the physicians were asserting their own rights against prosecution under an allegedly unconstitutional law. *EMW Women's Surgical Ctr.*, 960 F.3d at 794 n.2. But again, even if it were assumed this alternative theory sufficed for Article III standing, *Dobbs* apparently forecloses it on the merits. *See Dobbs*, 142 S. Ct. at 2279.

And aside from the doctrinal weakness of appellees' case, the Commonwealth of Kentucky has also made clear its strong interest in "protecting the life of the unborn" and banning "brutal" "abortive medical procedures resulting in dismemberment, crushing, or human vivisection." Ky. H.B. 454. By keeping in place a potentially invalid injunction, the panel majority's order hinders Kentucky's ability to enforce its lawful interests. We should not prolong this hindrance by punting the issue to the district court.

Therefore, I respectfully submit that our court should order expedited briefing and rule on the validity of the permanent injunction. If the injunction is contrary to *Dobbs*, we should so hold rather than remand the issue to the district court while leaving the injunction in place, as the panel majority orders.

I trust that the district court will reexamine the permanent injunction expeditiously. But the duty of the district court to apply *Dobbs* to this case does not excuse us from doing so as well.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

preference[s], EMW's doctors simply do not want to provide fetal demise before a D&E procedure." *EMW Women's Surgical Ctr.*, 960 F.3d at 812 (Bush, J., dissenting). Where such conflicts of interest arise, the Supreme Court has indicated that recognizing third-party standing may be inappropriate. *See, e.g.*, *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 15 (2004).